1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8  MICHAEL SHELTON,                    )   1:08-cv-00435-AWI-TAG HC
                                       )
9               Petitioner,            )   FINDINGS AND RECOMMENDATIONS
                                       )   TO GRANT RESPONDENT'S MOTION
10    v.                               )   TO DISMISS PETITION (Doc. 9)
                                       )
11                                     )
    CALIFORNIA BOARD OF                )   ORDER DIRECTING OBJECTIONS
12  PRISON TERMS,                      )   BE FILED WITHIN FIFTEEN DAYS
                                       )
13              Respondent.            )
    _____)

14

15        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.  On March 17, 2008, Petitioner filed his petition for writ of habeas

17  corpus in this Court.  (Doc. 1).

18        Petitioner, who, at the time of filing of the petition, was incarcerated in North Kern State

19  Prison, Delano, Wasco, California, as a result of a parole violation, challenges the revocation of

20  parole itself and, more specifically, challenges a purportedly illegal condition of parole restricting

21  his ability to associate with his wife.  (Doc. 1, p. 12).

22        On May 23, 2008, the Court ordered Respondent to file a response.  (Doc. 4).  That same

23  day, Petitioner filed with the Court a notice of change of address to a street address in Oakhurst,

24  California.  (Doc. 5).  On August 20, 2008, Respondent filed a motion to dismiss the petition,

25  arguing that because Petitioner had completed his revocation period and is once again on parole,

26  the revocation issue is moot, and also that the purportedly illegal condition of parole is not

27  subject to habeas review.  (Doc. 9).  Petitioner has not filed an opposition to Respondent's

28  motion to dismiss.

1

# DISCUSSION

## A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a claim of mootness and failure to state a cognizable habeas claim.  Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

## B. Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S. Ct. 373 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402 (1971) (per curiam)(quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S. Ct. 461 (1937)).

1    Here, Petitioner's primary objection appears to be to the condition of parole precluding

2    him from associating with his wife.  Petitioner's objection to his parole revocation appears to

3    derive from the same complaint, i.e., that the parole board should not have revoked his parole

4    based on his violation of an improper condition of parole, i.e., that he not associate with his wife.

5    The extent to which Petitioner's objections to the parole revocation extends beyond the board's

6    implicit "endorsement" of a condition of parole Petitioner considers illegal is unclear.  However,

7    ultimately, it is irrelevant because, having served his revocation and now being once again on

8    parole, the revocation issue is moot.

9    In support of the motion to dismiss, Respondent has submitted documents establishing

10   that Petitioner was placed on parole on May 5, 2008, having completed his period of

11   incarceration related to his purportedly unlawful revocation.  (Doc. 9, Exh. A).  This

12   documentation is further supported by the notice of change of address filed by Petitioner on

13   May 23, 2008, indicating his change of address from North Kern State Prison to a private address

14   in Oakhurst, California.  (Doc. 5).  Thus, to the extent that the petition is challenging the parole

15   revocation itself, there is no case or controversy because there is nothing the Court can do at this

16   juncture that would affect the period of incarceration for revocation, Petitioner having already

17   completed that period of incarceration for his parole revocation.  Hence, the issue is moot.  Iron

18   Arrow, 464 U.S. at 70; N.A.A.C.P., Western Region, 743 F.2d at 1352.

19        **C.  Failure to State a Cognizable Habeas Claim**

20   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

21   review of each petition for writ of habeas corpus, and as mentioned, to dismiss the petition if it

22   plainly appears from the face of the petition that the petitioner is not entitled to relief.  See

23   Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for

24   writ of habeas corpus if the petitioner can show that "he is in custody in violation of the

25   Constitution . . . ."  28 U.S.C. § 2254(a).

26   A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

27   duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser

28   v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules

1   Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is

2   the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v.

3   Bronson, 500 U.S. 136, 141-142 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574.

4         Section 2254's custody requirement may be met even though a petitioner is not physically

5   confined.  Jones v. Cunningham, 371 U.S. 236, 239-240, 83 S.Ct. 373 (1963).  Thus, a petitioner

6   on parole is "in custody" for purposes of § 2254 because the parole restrictions "significantly

7   restrain petitioner's liberty to do those things which in this country free men are entitled to do."

8   Id. at 243.  However, in contesting a purportedly illegal *condition* of parole, Petitioner is not

9   challenging the fact or duration of his parole custody, but is instead, necessarily, challenging a

10   condition under which that parole custody is to be served.   Petitioner is thus challenging a

11   condition of his confinement, albeit constructive confinement, not the fact or duration of that

12   confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be

13   dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil

14   rights complaint pursuant to 42 U.S.C. § 1983.

15       **D.  State Law Claims Not Entitled to Habeas Review**

16         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241

17   of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

18   unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

19           The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
20           entertain an application for a writ of habeas corpus in behalf of a person in
             custody pursuant to a judgment of a State court *only on the ground that he is in*
21           *custody in violation of the Constitution or laws or treaties of the United States*.

22   (emphasis added).  See also Rule 1 to the Rules Governing § 2254 Cases.  The Supreme Court

23   has held that "the essence of habeas corpus is an attack by a person in custody upon the legality

24   of that custody . . ." Preiser, 411 U.S. at 484.  Furthermore, in order to succeed in a petition

25   pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in

26   state court resulted in a decision that was contrary to, or involved an unreasonable application of

27   clearly established Federal law, as determined by the Supreme Court of the United States; or

28   resulted in a decision that was based on an unreasonable determination of the facts in light of the

1    evidence presented in the State court proceeding.

2         Here, Petitioner fails to allege a violation of the federal Constitution in his petition.

3    Petitioner complains of the parole board's application of California law and maintains that the

4    imposition of a condition of parole precluding him from associating with his wife is unlawful

5    under state law.  (E.g., Doc. 1, p. 20).   However, nowhere in the petition does Petitioner raise a

6    cognizable federal claim grounded in a violation of federal law.

7         "[T]he availability of a claim under state law does not of itself establish that a claim was

8    available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239, 110 S. Ct.

9    2822 (1990)(quoting Dugger v. Adams, 489 U.S. 401, 409, 109 S. Ct. 1211 (1989)).  Further,

10   Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision

11   that was contrary to, or involved an unreasonable application of, clearly established Federal law, .

12   . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ."

13   28 U.S.C. § 2254.  In the absence of a cognizable federal claim, this Court may not review

14   California's application of its own laws.  See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct.

15   475 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court

16   determinations on state law questions.").

17        For all of the foregoing reasons, the Court will recommend that Respondent's motion to

18   dismiss the petition be granted.[1]

19                                    **RECOMMENDATIONS**

20        Accordingly, the Court RECOMMENDS that:

21        1. Respondent's motion to dismiss the petition (Doc. 9), be granted; and

22        2. The petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition

23           does not allege grounds that would entitle Petitioner to habeas corpus relief.

24        These Findings and Recommendations are submitted to the United States District Judge

25   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

26

27        [1]Respondent also contends that the petition should be dismissed because of lack of exhaustion.  (Doc. 9, p.
     5).  However, in light of the Court's recommendations that the motion to dismiss be granted on grounds of mootness
28   and failure to state a cognizable federal habeas claim, the Court does not find it necessary to address this additional
     basis for dismissal.

the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.**  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**                                    **/s/ Theresa A. Goldner**
                                                               UNITED STATES MAGISTRATE JUDGE